WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Hand Promotions Incorporated, | No. CV-21-00966-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Jose Alfonso Velasco Hernandez, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Default Judgment (Doc. 16). Defendants have not filed a response, nor have they appeared or otherwise defended this action. For the following reasons the Court will grant Plaintiff's Motion in part.

**I.   Background**

As alleged in the Complaint, Defendant JR Mexican Food LLC and its "officer, director, shareholder, member or principal," Defendant Jose Alfonso Velasco Hernandez ("Hernandez"), are Arizona residents who obtained and willfully played a television program (the "Program") in their restaurant without Plaintiff's authorization on July 20, 2019. (Doc. 1 at ¶¶ 5–7, 10).

The Complaint brings two claims. The first is under the Federal Communications Act for satellite and cable piracy under 47 U.S.C. §§ 553 and 605. (*Id.* at ¶¶ 17–20). The second is for copyright infringement under 17 U.S.C. §§ 106 and 501. (*Id.* at ¶¶ 21–24). For damages, the Complaint sought up to $110,000.00 for willful violation of § 605 and up to $60,000.00 for willful violation of § 553, and up to $150,000 for a willful violation

of § 501, in addition to attorney fees and costs. (*Id.* at 7). Plaintiff's Motion for Default Judgment, however, only seeks $30,000 under § 605(e)(3)(C), plus attorney fees and costs.

On September 2, 2021, the Clerk entered default against Defendants under Federal Rule of Civil Procedure 55(a). (Doc. 15).

## II. Legal Standard

Courts strongly prefer to decide cases on their merits, but they may use their discretion to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *see also* Fed. R. Civ. P. 55. If default judgment is sought against a party that failed to plead or otherwise defend, courts must determine they have subject matter jurisdiction over the matter and personal jurisdiction over the party. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If there is jurisdiction, courts must then consider several factors to determine whether default judgment is appropriate: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72. Upon default, a complaint's factual allegations are taken as true, except for those relating to damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

## III. Jurisdiction and *Eitel* Analysis

Because the Complaint invokes federal causes of action, piracy and copyright infringement, the Court has original jurisdiction over this matter. *See* 28 U.S.C. § 1331. Defendants, alleged to be Arizona residents (Doc. 1 at ¶ 6–7), are at home in this jurisdiction and, therefore, subject to the Court's personal jurisdiction. *See Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 317 (1945). Having found subject matter jurisdiction and personal jurisdiction over Defendants, the Court proceeds to the *Eitel* factors.

### a. Possibility of Prejudice to Plaintiff

Without a judgment against Defendants, Plaintiff's alleged injury would lack a

remedy. Therefore, this factor favors entry of default judgment.

### b. Merits of Substantive Claim and Sufficiency of Complaint

"Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). The Complaint's § 605 claim requires Plaintiff show Defendants received and used a television program for its benefit without Plaintiff's authorization. § 605(a); *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008). The Complaint's allegations establish that Defendants received the Program without Plaintiff's permission and played it at their restaurant. (Doc. 1 at ¶¶ 11–16).[1] The Complaint's copyright infringement claim requires Plaintiff show ownership of a valid copyright and that Defendants violated one or more of Plaintiff's rights as the copyright owner. *UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011). The Complaint adequately alleges that Plaintiff was the Program's copyright owner, and that Defendants' unauthorized distribution of the program violated Plaintiff's rights. (Doc. 1 at ¶¶ 5, 9–24).

The Court finds that the Complaint has merit and would sufficiently put Defendants on notice of the claims at issue. This factor favors entry of default judgment.

### c. Sum at Stake

Here, the Court considers the amount of money at stake in relation to the seriousness of a defendant's conduct. *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Gemmel v. Systemhouse, Inc.*, 2008 WL 65604, at *4 (D. Ariz. Jan. 3, 2008).

---

[1] Because Plaintiff raises this point in its Motion, the Court notes that Hernandez may be held individually liable for § 605 violations at his business. (Doc. 16 1 at 15). Courts in the Ninth Circuit have found that individual liability for § 605 violations when an individual "had a right and ability to supervise the violations and that he had a strong financial interest in such activities." *J & J Sports Prods., Inc. v. Mikhael*, 2016 WL 2984191, at *2 (C.D. Cal. May 19, 2016) (cleaned up). The Court must accept the Complaint's allegation that Hernandez had the "right and ability to supervise and an obvious and direct financial interest" in the restaurant. (Doc. 1 at ¶ 8). Because he has supervisory authority and a strong financial interest, Hernandez may be held individually liable for the § 605 claim.

Plaintiff seeks $30,000 in addition to attorney fees and costs because Defendants pirated the Program on July 20, 2019. For reasons explained below, the Court finds this amount excessive and will only award half that amount. Nonetheless, the amount at stake is significant and Defendants actions are serious enough to warrant mandatory statutory damages. *See* § 605. Therefore, this factor favors entering default judgment.

### d. Possibility of Dispute

The time has passed for Defendants to dispute the Complaint's allegations. At this stage, the allegations are taken as true. *See Geddes*, 559 F.2d at 560. Therefore, the possibility of dispute is low. This factor favors entering default judgment.

### e. Excusable Neglect

The record shows that both Defendants were served on June 28, 2021, (Doc. 10) and on July 8, 2021 (Doc. 11). Therefore, there is a low possibility that their failure to appear is due to excusable neglect. This factor favors entering default judgment.

### f. Policy Favoring Decisions on the Merits

The Court is unable to reach the merits of this case because Defendants have failed to plead or otherwise defend this action. Therefore, this factor weighs against granting default judgment.

Overall, the Court finds the *Eitel* factors support an entry of default judgment against Defendant.

## IV. Damages Analysis

Having found default judgment proper, the Court must determine what damages Plaintiff is entitled to. Damages may not differ in kind or exceed what was demanded in the pleadings. Fed. R. Civ. P. 54(c). This is so a defendant may know from the complaint what the potential award may be, and the defendant may then decide whether a response is worthwhile. *See Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007). Courts may conduct hearings to determine what damages are available. Fed. R. Civ. P. 55(b)(2). In this instance, a hearing is not necessary because Plaintiff has submitted sufficient evidence for the Court to ascertain the damages. *See Garden City Boxing Club, Inc. v. Aranda*, 384 F.

App'x 688, 689 (9th Cir. 2010) (holding that an evidentiary hearing to determine damages for a § 605 claim was not necessary because the plaintiff had submitted sufficient evidence to calculate damages).

Plaintiff seeks over $30,000 in statutory damages under § 605. By statute, Plaintiff may seek an award of damages for "each violation" of § 605(a) "in a sum of not less than $1,000 or more than $10,000, as the court considers just . . . ." § 605(e)(3)(C). If, however, "the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000" for each violation of § 605(a). *Id.* This statutory range of awards aims to create an award that would deter further unauthorized use of television programs, but it is not intended to destroy small businesses. *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) ("Depending on the circumstances, a low five figure judgment may be a stiff fine that deters, while a high five figure judgment puts a bar out of business.").

At this stage, the Court accepts as true the allegation that Defendants willfully violated § 605(a) once for economic gain. (Doc. 1 at ¶ 13). Therefore, Plaintiff is entitled to up to $110,000 in statutory damages. To determine what amount of damages are just, courts in this Circuit have considered several factors, including: "(1) the size of the establishment, (2) the number and size of screens displaying the broadcast, (3) advertising to attract customers, (4) cover charges, (5) premium prices for food and drink, (6) the need to deter future violations, (7) the difficulty in detecting piracy, and (8) the widespread loss that occurs through piracy." *J & J Sports Prods., Inc. v. Arvizu*, 2018 WL 905139, at *2 (D. Ariz. Feb. 15, 2018).

In support of its requested award, Plaintiff submits the affidavit of Amanda Hidalgo, who states that the Defendants' restaurant has a capacity of 30 people and, on the night July 20, 2019, had the Program playing on a forty-two-inch television in the corner. (Doc. 16-5 at 1). Ms. Hidalgo states she was not charged a cover to enter and that she bought a

soda for $1. (Doc. 16-5 at 1). She does not mention how many other patrons were at the restaurant with her or whether the Program was advertised. (*Id.*) For a restaurant of this size, Plaintiff avers that Defendants would have been charged $1,475 for authorization to play the Program. (Doc. 16-4 at 1).

As Plaintiff argues, Defendants likely saw some increased profits from patrons who came to the restaurant to view the Program, putting those who paid for authorization at a comparative disadvantage and, therefore, making it more likely that others will forego authorization in the future. (Doc. 16-1 at 11–12). However, Ms. Hidalgo's affidavit portrays the restaurant as a small business, which was not charging a cover for entry or unusually high prices for drinks. The Program itself was being played on one television to an audience of at least Ms. Hidalgo, but there is no indication that anyone else was present or that Defendants were advertising the Program.

Taking all this into consideration, the Court finds that statutory damages of $5,000 under § 605(e)(3)(C)(i)(II) and $10,000 under § 605(e)(3)(C)(ii) are appropriate. A total award of $15,000 will both compensate Plaintiff and deter Defendants and others from similar behavior.

## V.   Costs and Attorney Fees

Plaintiff also seeks an award of costs and attorney fees. Because Plaintiff is the prevailing party, it is entitled to its costs. Fed. R. Civ. P. 54(d)(1). Therefore, the Court will award $672 in costs. Plaintiff may file a motion for attorney fees within fourteen days of the day of this Order's entry. *See* LRCiv 54.2(b)(2). Any motion for attorney fees shall comply with the requirements set forth in this District's Local Rules.

## VI.   Conclusion

The Court will grant Plaintiff's Motion in part and enter default judgment against Defendants in the amount of $15,672.

Accordingly

**IT IS HEREBY ORDERED** that Plaintiff's Application for Entry of Default Judgment (Doc. 16) is **granted** in part. Default judgment shall be entered in favor of

Plaintiff and against Defendants in the amount of $15,672.

**IT IS FURTHER ORDERED** that Plaintiff is awarded post-judgment interest and the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED** that Plaintiff may file a motion for attorney fees pursuant to Local Rule of Civil Procedure 54.2 no later than fourteen (14) days after this Order's entry.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this matter.

Dated this 2nd day of September, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge